[Cite as *In re D.H.*, 2014-Ohio-5140.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101034**

**IN RE:   D.H.**
**A Minor Child**

**JUDGMENT:**
VACATED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 09101346

**BEFORE:**    Boyle, A.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:**   November 20, 2014

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender
BY: Sheryl Trzaska
Assistant State Public Defender
250 E. Broad Street, Suite 1400
Columbus, Ohio   43215


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Lindsay Raskin
        Colleen Reali
        Joseph J. Ricotta
Assistant County Prosecutors
Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1}  Appellant D.H. appeals from the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, granting the state's motion to invoke the adult portion of D.H.'s serious youthful offender ("SYO") sentence pursuant to R.C. 2152.14(A).  Finding merit to the appeal, we reverse the trial court's decision and vacate its orders.

Procedural History and Facts

{¶2}  In January 2009, pursuant to a plea agreement, the trial court found D.H. (then 16 years old) delinquent and guilty of one count of involuntary manslaughter, one count of aggravated robbery, and the attendant firearm and SYO specifications.  D.H. was 15 years old at the time of committing the offenses.  The court imposed a blended sentence: incarceration at the Ohio Department of Youth Services ("ODYS") up until the age of 21 (a "juvenile-life sentence") and a stayed adult sentence of six years.  Specifically, the suspended adult sentence consisted of a three-year prison term for involuntary manslaughter, a one-year prison term for aggravated robbery, and a two-year prison term for the firearm specification, all to be served consecutively.

{¶3}  As part of its journal entry, the trial court specifically stated that D.H.'s "[a]dult sentence is stayed on condition of the child's successful completion of the juvenile portion of the disposition of this matter."

{¶4}  On December 4, 2013, Sheryl Trzaska, an assistant state public defender, filed a "notice of limited appearance and motion for judicial release" on behalf of D.H. and requested a hearing.  The motion indicated that D.H. "will successfully complete his [ODYS] commitment on his 21st birthday, February 20, 2014" and requested that the court "order [D.H.] released to [ODYS] parole prior to February 20, 2014, so that parole may assist him with the transition back

into society, and provide the necessary guidance and coordinate the community services that he will require."

**{¶5}** On December 13, 2013, the state filed an objection to D.H.'s motion for judicial release, urging the court to deny D.H.'s request on the grounds that (1) D.H. was sentenced to a mandatory term of juvenile life (up until his 21st birthday), and (2) "it is the position of the state that upon completion of his sentence at ODYS, the state would ask the court to impose his adult six-year sentence."

**{¶6}** The court set the matter for a hearing on January 17, 2014, and ordered that ODYS transport D.H. from his correctional facility to participate in the scheduled hearing.

**{¶7}** On January 14, 2014, D.H. filed a "notice of withdrawal of request for judicial release," withdrawing his request for judicial release and asking the court to cancel the upcoming hearing and transport order. The trial court accepted D.H.'s notice of withdrawal and cancelled the scheduled hearing and transport order.

**{¶8}** On January 14, 2014, pursuant to R.C. 2152.22, ODYS filed its written treatment and rehabilitation plan for D.H., seeking approval and journalization by the court. The following day, the court approved the plan and made it part of the trial court's journal entry. The written plan specifically identified February 20, 2014, as D.H.'s tentative discharge date.

**{¶9}** The day before D.H.'s 21st birthday, on February 19, 2014, the state moved to invoke the adult portion of D.H.'s SYO sentence. In its motion, the state argued that the "Director of ODYS requested that the Cuyahoga County Prosecutor's Office file a motion seeking to invoke the adult portion of [D.H.'s] sentence." Specifically, the state argued that the requirements of R.C. 2152.14(A)(1) were met and that D.H. had "committed approximately 22 assaults on other residents, four assaults on staff members, and more than two dozen other

disruptive and violent acts."   Based on these violations, the state moved the court to invoke the adult portion of D.H.'s SYO sentence pursuant to R.C. 2152.14(A).   The state served its motion to both   assistant state public defender, Sheryl Trzaska, and   assistant Cuyahoga County public defender, Laura Molica.

{¶10} On February 19, 2014, Laura Molica, on behalf of D.H., filed a memorandum in opposition to the state's motion to invoke the adult portion of the SYO disposition, noting that D.H.'s "suspended prison terms for aggravated robbery and corresponding firearm specifications are not authorized by law, and are legally void."   D.H. further argued that the court could not invoke a SYO term that is contrary to law.

{¶11} The trial court set a hearing on the motion the same day that it was filed.   At the start of the hearing, D.H.'s counsel objected, stating, among other things, the following:

> First, I would like to raise several issues to preserve our record.  We do object to going forward on the State's motion to invoke the adult portion of the sentence.  That motion was filed today.  He turns 21 at midnight tonight.  The State waited till the very 11th hour to file that motion.   I was served with it today.  I don't even know if my client was served with it, so we object to going forward based on that.
>
> I've also just met him literally 15 minutes ago.   I've had no opportunity to discuss this with him — or he's had no opportunity to discuss this with me.   He's had no opportunity to prepare a defense.   We've had no opportunity to talk about any potential witnesses.   I haven't had any opportunity to contact any potential witnesses to thoroughly prepare a defense.

The State is filing a motion asking that he be given an adult prison sentence.   In addition, what would go along with that would be an adult conviction.   I think at the very minimum due process would apply, and he is being denied his due process rights by being forced to go forward today without thorough preparation for a defense.

{¶12} The state responded, indicating that the "state of Ohio became aware of this delinquent's conduct yesterday" and, based on such conduct, filed the appropriate motion to invoke the adult portion of his sentence.

{¶13} The trial court proceeded to hear evidence on the state's motion and ultimately granted the state's motion in part. The trial court invoked the three-year prison term for involuntary manslaughter; the court determined that the other consecutive three-year term for aggravated robbery and the firearm specification, however, were legally void and therefore not subject to invocation.[1]

{¶14} The trial court gave D.H. credit for 1,856 days he served in the Cuyahoga County Juvenile Detention Center as well as the time he served in the ODYS facilities. The court further recognized that D.H. had already served time that would be equivalent to the three-year prison term (1,095 days), and therefore placed D.H. "on parole via the adult parole authority."[2]

{¶15} Because the parole authority could not place D.H. on postrelease control without a prison number from the Department of Rehabilitation and Correction, the juvenile court issued a

---

[1] Because the original sentence stated that the child was to be sentenced for the adult portion to a term of one year on the aggravated robbery count and two years for the gun specification, which contravenes the minimum requirement of no less than three years on each, the sentence was contrary to law and therefore not enforceable. The state concedes this point.

[2] Pursuant to R.C. 2152.14(F), the trial court was required to give D.H. credit for the days that he served in the juvenile facility. Specifically, the statute provides in relevant part: "The time the person must serve on a prison term imposed under the adult portion of the dispositional sentence shall be reduced by the total number of days specified in the order plus any additional days the person is held in a juvenile facility or in detention after the order is issued and before the person is transferred to the custody of the department of rehabilitation and correction. In no case shall the total prison term as calculated under this division exceed the maximum prison term available for an adult who is convicted of violating the same sections of the Revised Code." *Id.*

transport order on February 21, 2014, instructing D.H. to turn himself in to the Lorain Correctional Institution to be "assessed for Post Release Control." Three days later, the juvenile court filed a "corrected journal entry" that included the same language of the earlier order but also added the following language: "It is therefore ordered that the child is sentenced to the Lorain Correctional Institution for a period of three (3) years, and is remanded to the custody of the Cuyahoga County Sheriff's Department for that purpose."

{¶16} D.H. appeals, raising the following seven assignments of error:

I. The juvenile court was without jurisdiction to conduct D.H.'s SYO invocation hearing, because notice of the proceedings had not been served on the parties, in violation of Juv.R. 20(A), the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

II. The juvenile court erred when it failed to appoint a guardian ad litem to protect D.H.'s interests when his parents or guardians were not present at the SYO invocation, in violation of R.C. 2151.281(A) and Juv.R. 4(B)(1).

III. The juvenile court violated D.H.'s right to due process of law when it conducted a hearing on the State's motion to invoke the adult portion of a SYO sentence the same day that the motion was filed, in violation of Juv.R. 18(D), the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

IV. The juvenile court violated D.H.'s right to effective assistance of counsel when it conducted the hearing on the State's motion to invoke the adult portion of a SYO sentence the same day that the motion was filed, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution.

V. The juvenile court was without authority to place D.H. on post-release control at the invocation hearing, and acted in violation of R.C. 2967.28(D)(1), the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

VI. The juvenile court erred when it issued a transport order without jurisdiction to do so, and instructed D.H. to turn himself in to the Sheriff for transport to the Department of Rehabilitation and Correction to be assessed for post-release control.

VII. The juvenile court erred when it improperly modified its final order with the February 24, 2014 "Corrected Journal Entry," in violation of D.H.'s right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article I, Section 16 of the Ohio Constitution.

{¶17} Finding the third and fourth assignments of error dispositive of the appeal, we will address those first.

## Due Process and Ineffective Assistance of Counsel

{¶18} In his third assignment of error, D.H. argues that he was deprived due process when the trial court failed to comply with Juv.R. 18(D) by allowing the state's motion to be heard in less than seven days after it was filed. He further contends in his fourth assignment of error that he was denied effective assistance of counsel by holding the SYO invocation hearing on the same day the motion was filed, preventing his counsel from having the opportunity to adequately prepare and defend the motion.

{¶19} Juv.R. 18(D) provides that "[a] written motion * * * and notice of hearing thereof shall be served not later than seven days before the time specified for the hearing unless a different period is fixed by rule or order of the court."

{¶20} The state fails to offer any argument as to why Juv.R. 18(D) does not apply, nor does it dispute that it failed to comply with the rule. Instead, the state counters that D.H. was first put on notice in June 2009 that the state could move to invoke his SYO classification and subsequently reminded of the same when the state opposed D.H.'s motion for judicial release on December 13, 2013. Specifically, the state relies on the following statement contained in its brief in opposition: "it is the position of the State that upon completion of his sentence at ODYS, the state would ask the court to impose [h]is adult six-year sentence." The state seems to

suggest that these actions are sufficient to negate Juv.R. 18(D) notice requirements because the state previously had alerted D.H. of its desire for the court to invoke the adult portion of his SYO sentence.

**{¶21}** We find these arguments unpersuasive. Despite the state's mention of its intention to seek invocation of the adult portion of the SYO sentence in the brief in opposition that it filed in December 2013, the state never sought to do so at that time. The state's failure to timely file the motion should not be imputed on D.H.

**{¶22}** In the alternative, the state argues that any error should be deemed harmless because D.H. suffered no prejudice. According to the state, D.H.'s trial counsel "amply cross-examined, and re-cross-examined the state's witnesses," establishing mitigating evidence in D.H.'s favor. The state further argues that it was "under the same time restraints" as D.H. and that D.H.'s claim of not having enough time to prepare a defense "is speculative at best." We disagree.

**{¶23}** We find ample evidence that D.H. was prejudiced by the hearing being held on the same day that the motion was filed. D.H.'s counsel specifically informed the court that she was unprepared and that the late filing essentially deprived D.H. of the opportunity to prepare a defense. Indeed, the lack of timely notice of the hearing essentially deprived D.H. of his right to effective assistance of counsel.

**{¶24}** This court has previously recognized that a defendant was deprived of his constitutional right to assistance of counsel when the trial court appointed counsel one hour prior to the defendant's repeat violent offender plea, a sentencing, and a sexual predator hearing. *See State v. Walton*, 8th Dist. Cuyahoga No. 90140, 2008-Ohio-3550. Emphasizing the short time frame between the appointment of counsel and the critical proceedings themselves, the court

found a "per se violation of an appellant's right to assistance of counsel." *Id.* at ¶ 44. Indeed, under such circumstances, "'[t]he likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial.'" *Id.* at ¶ 42, quoting *Hunt v. Mitchell*, 261 F.3d 575, 585 (6th Cir.2001).

{¶25} In this case, it is clear that the untimely filing of the motion by the state and expedited scheduling of the hearing denied D.H. his constitutional right to assistance of counsel. Notably, D.H.'s defense counsel expressly stated on the record her objection to moving forward given (1) her inability to confer with D.H., who she met 15 minutes prior to the hearing, and (2) her inability to adequately prepare a defense. Based on this record, we find that D.H. was prejudiced.

{¶26} The third and fourth assignments of error are sustained.

{¶27} Based on our disposition of these assignments of error, we find the remaining assignments of error to be moot.

{¶28} Accordingly, having found that the trial court should not have held the hearing the same day that the state's motion was filed and that such action effectively denied D.H. of his constitutional rights to due process and counsel, we vacate the trial court's decision to invoke the adult portion of D.H.'s SYO dispositional sentence and its subsequent orders. We further note that D.H. has reached the age of 21, and the juvenile court therefore no longer has jurisdiction over him.

{¶29} Judgment vacated.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR